**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| NICHOLAS LITHISACK, )<br>                                      )<br>      Plaintiff,      )<br>                                      )<br>    v.                    ) Case No. _____<br>                                      )<br>JOHN NUGENT & SONS, INC.,    )<br>                                      )<br>**Serve:** Registered Agent      )<br>       Nancy Venable       )<br>       45921 Maries Road, Suite 160    )<br>       Sterling, VA 20166,      )<br>                                        )<br>      Defendant.      )<br>                                        ) | |

**COMPLAINT**

COMES NOW the Plaintiff, Nicholas Lithisack ("Mr. Lithisack" or "Plaintiff"), by counsel, and hereby files his complaint for damages against the defendant, John Nugent & Sons, Inc. ("Nugent & Sons" or "Defendant"). In support thereof Plaintiff states as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Nugent & Sons under Title VII of the Civil Rights Act of 1964 ("Title VII") for discrimination and retaliation based on his race, color, ethnicity, and national origin.

**JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint alleges violations under Title VII.

3. This Court has personal jurisdiction over the Defendant because it performed the acts complained of herein within this district.

1

4. On or about November 13, 2019, Plaintiff filed a Charge of Discrimination with the Washington Field Office of the Equal Employment Opportunity Commission (the "EEOC") against Defendant.

5. On or about September 9, 2020, the EEOC issued Plaintiff a notification of his rights-to-sue.

6. Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7. Mr. Lithisack is a Laotian and Italian male resident of the Commonwealth of Virginia.

8. Upon information and belief, John Nugent & Sons, Inc. is a corporation formed under the laws of the Commonwealth of Virginia.

## FACTUAL BACKGROUND

9. Nugent & Sons hired Mr. Lithisack in May of 2018 in its heating, ventilation, and air conditioning ("HVAC") department.

10. Mr. Lithisack decided that he wanted to pursue plumbing instead of HVAC and in December 2018 transitioned to Nugent & Sons' plumbing department.

11. Mr. Lithisack had two supervisors, Matthew Lange and Bill Christmas.

12. Mr. Lange was a field manager and would be present on job sites.

13. Beginning in or around February 2019, Mr. Lithisack was subjected to constant derogatory comments about his race, color, ethnicity, and national origin by Mr. Lange.

14. Mr. Lange would regularly inform clients and co-workers that Mr. Lithisack was Asian and Italian or identify Mr. Lithisack as Asian.

15. Mr. Lange often referred to Mr. Lithisack as a "Chinese Italian."

16. Mr. Lange would then make comments that Mr. Lithisack ate his pasta with chopsticks.

17. On multiple jobs, Mr. Lange referred Mr. Lithisack as his "Asian helper."

18. On one occasion, while at a job site where there was a pond, Mr. Lange said "don't let him go near the pond because he will eat all the koi fish."

19. Whenever employees would order or eat Chinese food, Mr. Lange would direct comments to or in front of Mr. Lithisack about how his culture eats cats.

20. Mr. Lange would also refer to Mr. Lithisack using the extremely derogatory term "chink."

21. One example of this, was while Mr. Lithisack was digging a hole on a job, Mr. Lange said "damn boy now I definitely know you're a chink and not a Mexican, you can't dig a hole for shit."

22. Another time, Mr. Lange stated "Asians don't know how to use shovels."

23. Other times, Mr. Lange would refer to Mr. Lithisack's "chinky slanted eyes" and ask if he was having problems seeing things.

24. In front of a client, Mr. Lange stated "damn boy you missed huge spot of water I know your Asian I know it's hard to see it."

25. Another time, Mr. Lithisack had not seen a screw on the ground and Mr. Lange stated, "damn its true chinks are blind look boy one right fucking there" and proceeded to throw it at Mr. Lithisack's head.

26. Mr. Lange went as far as to tell another employee that it is more fun to have Mr. Lithisack around because he can make fun of Mr. Lithisack all day and get away with it.

27. Mr. Lithisack spoke with the owners of Nugent & Son's about Mr. Lange's abusive and derogatory conduct.

28. After Mr. Lithisack reported Mr. Lange's abusive derogatory conduct, Mr. Lithisack's co-workers approached Mr. Lithisack and told him that it was not smart of him to report the harassment and that he should be walking on eggshells.

29. Mr. Lithisack heard co-workers referring to him as a "snitch" and that was he was "lawyering up."

30. Mr. Lithisack's co-workers began to shun him.

31. Mr. Lithisack reported the threatening and shunning conduct that he experienced as a result of reporting Mr. Lange's abusive and derogatory conduct.

32. Nugent & Sons did not take any noticeable action to resolve the retaliatory conduct.

33. After reporting the retaliatory conduct, the environment between Mr. Lithisack and his co-workers became worse and Mr. Lithisack felt ostracized and more of victim than he had felt from the abusive and derogatory conduct of his supervisor.

34. Going to work became unbearable and Mr. Lithisack feared that it would continue to get worse.

35. As a result, Mr. Lithisack felt his only option left after reporting everything to no avail was to resign.

## COUNT I
### (Title VII – Hostile Work Environment)

36. Plaintiff restates and re-alleges the allegations contained in the proceeding paragraphs of the Factual Background section as if fully set forth herein.

37. Plaintiff was a member of a class protected by Title VII of the Civil Rights Act of 1964, that is, Laotian and Italian.

38. Plaintiff suffered abusive and discriminatory treatment at the hands of his supervisor because of his race, color, ethnicity, and national origin.

39. The conduct Plaintiff suffered at the hands of his supervisor was unwelcome, including, but not limited to, jokes and stereotypes about Asians, the use of derogatory terms such as "chink," and unnecessarily identifying Plaintiff as Asian.

40. This conduct would occur whenever Plaintiff and his supervisor were on a job site together.

41. Plaintiff reported the unwelcome conduct to Defendant by notifying the office manager and then one of the owners.

42. Plaintiff endured these types of comments on a regular basis since February 2019 through his reports of the harassment.

43. The hostility of the environment did not abate after reporting the harassment.

44. The harassment by his supervisor was sufficiently pervasive to alter the terms and conditions of Plaintiff's employment at Nugent & Sons and created an abusive work environment.

45. The conduct of Plaintiff's supervisor should be imputed to Defendant because Plaintiff reported the discriminatory and offensive conduct to Defendant, yet Defendant failed to take prompt and sufficient corrective action.

46. As a result of Defendant's hostile work environment, Plaintiff suffered, and continues to suffer, embarrassment, emotional distress, loss of self-esteem, anxiety, and past and future wage loss.

## COUNT II
### (Title VII – Retaliation)

47. Plaintiff restates and re-alleges the allegations contained in the proceeding paragraphs of the Factual Background section as if fully set forth herein.

48. Plaintiff suffered abusive and discriminatory treatment at the hands of his supervisor because of his race, color, ethnicity, and national origin.

49. The conduct Plaintiff suffered at the hands of his supervisor was unwelcome, including, but not limited to, jokes and stereotypes about Asians, the use of derogatory terms such as "chink," and identifying Plaintiff as Laotian and Italian

50. Plaintiff engaged in protected activity under Title VII when he reported this conduct to Defendant.

51. Plaintiff suffered an adverse action subsequent to engaging in protected conduct as a result of reporting the harassment because Plaintiff's work environment became unbearable as his co-workers intimidated and ostracized him which compounded the distress suffered from abusive and derogatory conduct of his supervisor.

52. As a result of Defendant's retaliation, Plaintiff suffered, and continues to suffer, embarrassment, emotional distress, loss of self-esteem, anxiety, and past and future wage loss.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Nicholas Lithisack, demands judgment against the defendant, John Nugent & Sons, Inc., as follows:

(a) Lost wages in excess of $20,000.00 or in an amount to be proven at trial;

(b) $300,000.00 in compensatory damages, unless otherwise capped, for violations of Title VII;

(c) $300,000.00 punitive damages, unless otherwise capped, for violations of Title VII,;

(d) Plaintiff's attorneys' fees and court costs as provided by statute;

(e) Pre- and post-judgment interest; and

(f) All other further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Respectfully submitted,

_____/s/_____
John C. Cook, VSB No. 38310
Philip C. Krone, VSB No. 87723
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(T): (703) 865-7480
(F): (703) 434-3510
jcook@cookcraig.com
pkrone@cookcraig.com
*Counsel for Plaintiff*